UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
UNITED FOOD & COMMERCIAL WORKERS,
LOCAL 342,

                      Plaintiff,

            - against -

THE GREAT ATLANTIC & PACIFIC TEA CO.,
INC., PATHMARK, INC., and WALDBAUM,
INC.,

                      Defendants.
---------------------------------------------------------------x

**MEMORANDUM OF
DECISION AND ORDER**
CV 10-4213 (ADS)(ARL)

**A P P E A R A N C E S:**

    **IRA D. WINCOTT, ESQ.**
        Attorney for Plaintiff
        166 Jericho Turnpike
        Mineola, NY 11501

    **FULBRIGHT & JAWORSKI LLP**
        Attorneys for Defendants
        666 Fifth Avenue
        New York, NY 10103
    BY:   Douglas P. Catalano, Esq., and
        Neil G. Sparber, Esq.
        of Counsel

**SPATT, District Judge.**

Presently before the Court is a motion for a preliminary injunction by the United Food & Commercial Workers Union, Local 132 ("the Union"). Pursuant to Fed. R. Civ. P. 72, the Court hereby refers the Union's application to United States Magistrate Judge Arlene R. Lindsay so that she can hold a hearing on the motion and issue a report and recommendation addressing the following issues:

(1) Jurisdiction – namely, the effect of the current arbitration proceeding involving some of the same issues.

(2) As to the request for the preliminary injunction:

   (A) As to this motion, which collective bargaining agreement is relevant; the agreement between A&P and the Union; or between Waldbaum or Pathmark and the Union?

   (B) In any event, is the second sentence applicable which calls for a personal guarantee or a surety bond even if the employer does not terminate his business or close down the entire operation in the case of the Waldbaum and Pathmark agreements; or even if the employer closes one or more stores or sells any of the stores, in the case of the A&P agreement?

In other words, is the second sentence, providing for a personal guarantee or surety bond viable even in the absence of a termination of the business or close of the entire operation.

(3) Even assuming that the plaintiff is correct, and would be entitled to a personal guarantee or a surety bond, has the plaintiff established irreparable harm so as to entitle it to a preliminary injunction.

(4) Any other viable issue at the discretion of the Magistrate Judge.

**SO ORDERED.**

Dated: Central Islip, New York
September 20, 2010

                                              */s/ ARTHUR D. SPATT*
                                                 ARTHUR D. SPATT
                                          United States District Judge